**NOT FOR PUBLICATION**                                              **CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ———————————— : | | |
| DANIEL GALIANO, : | | Hon. Joel A. Pisano |
| : | | |
| Plaintiff, : | | Civil No. 06-6251 (JAP) |
| v. : | | |
| : | | |
| STATE OF NEW JERSEY, et al., : | | **OPINION** |
| : | | |
| Defendants. : | | |
| ———————————— : | | |

APPEARANCES:

> DANIEL GALIANO, #97A4895, *Pro Se*
> Green Haven Correctional Facility
> P.O. Box 4000
> Stormville, New York  12582

PISANO, District Judge

Plaintiff Daniel Galiano, a prisoner at Green Haven Correctional Facility, seeks to file a

Complaint *in forma pauperis* pursuant to 28 U.S.C. § 1915.   Based on his affidavit of poverty

and six-month prison account statement, this Court will grant Plaintiff's application to proceed *in*

*forma pauperis* and direct the Clerk to file the Complaint without prepayment of fees.[1]  Having

thoroughly reviewed Plaintiff's allegations, this Court will dismiss the Complaint without

prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

---

[1] This Court previously denied Plaintiff's application to proceed *in forma pauperis*
without prejudice and administratively terminated the case.  Since Plaintiff has now submitted a
complete application to proceed *in forma pauperis*, the Court will reopen the file.

## I.  BACKGROUND

The Complaint in this matter seeks damages under 42 U.S.C. § 1983 for violation of Plaintiff's constitutional rights arising from his conviction in the Superior Court of New Jersey, Law Division, Monmouth County, of first-degree armed robbery and second-degree possession of a firearm for an unlawful purpose.  See State v. Galiano, 349 N.J. Super. 157, 160 (App. Div. 2002), certif. denied, 178 N.J. 375 (2003).  Plaintiff seeks compensatory and punitive damages against the State of New Jersey, Monmouth County Prosecutors John Kaye and Michael J. Wojciechowski, and County Detectives John Does 1 and 2.  Plaintiff asserts that Defendants conspired to obtain his conviction by using false and fabricated evidence "from an unknown source, that deprived plaintiff of his liberty interest, and is now serving a term of imprisonment of life without parole, for a robbery charge."  (Compl. ¶ 13.)  Plaintiff further alleges that the prosecutor knew that the witness's identification of Plaintiff prior to trial and during trial was false.  Plaintiff seeks compensatory and punitive damages for violation of his constitutional rights.

## II.  LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, __ U.S. __, __, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotation marks omitted); see also Haines v. Kerner, 404 U.S. 519, 520 (1972). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson, 127 S. Ct. at 2200 (citations and internal quotation marks omitted).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Thomas v. Independence Tp., 463 F.3d 285, 296-97 (3d Cir. 2006); Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004).

### III. DISCUSSION

Federal courts are courts of limited jurisdiction. See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport

Area School Dist., 475 U.S. 534, 541 (1986).  A district court may exercise jurisdiction over

"Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and

Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; see also

28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to

seek redress for a violation of his federal civil rights by a person who was acting under color of

state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory . . . subjects,
> or causes to be subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the Constitution and
> laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person

deprived him or caused him to be deprived of a right secured by the Constitution or laws of the

United States, and (2) the deprivation was done under color of state law.  See West v. Atkins,

487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v.

Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

"When evaluating a claim brought under § 1983, we must first 'identify the exact

contours of the underlying right said to have been violated' in order to determine 'whether

[plaintiff] has alleged a deprivation of a constitutional right at all."  Natale v. Camden County

Correctional Facility, 318 F.3d 575, 581 (3d Cir. 2003) (quoting County of Sacramento v. Lewis,

523 U.S. 833, 841 n.5 (1998)).  If so, the Court determines whether the defendant can be held

liable for that violation.  <u>Natale</u>, 318 F.3d at 581; <u>Berg v. County of Allegheny</u>, 219 F.3d 261, 275 (3d Cir. 2000).

In this case, Plaintiff seeks damages against Defendants for conspiring to obtain his conviction for robbery by knowingly presenting witnesses who falsely identified Plaintiff as the perpetrator.  This damage claim is barred by the favorable termination rule of <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).  In that case, Heck brought a § 1983 action for damages, asserting that the defendants had "'knowingly destroyed' evidence 'which was exculpatory in nature and could have proved [his] innocence;' and caused 'an illegal and unlawful voice identification procedure' to be used at [his criminal] trial."  <u>Heck</u>, 512 U.S. at 479.  The Supreme Court held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  <u>Id.</u> at 486-87; <u>see also</u> <u>Muhammad v. Close</u>, 540 U.S. 749, 751 (2004); <u>Edwards v. Balisok</u>, 520 U.S. 641, 645-47 (1997).  Because federal habeas petitions may not be granted unless available state court remedies have been exhausted, <u>see</u> 28 U.S.C. § 2254(b)(1)(A), "conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas serve[s] the practical objective of preserving limitations on the availability of habeas remedies."  <u>Close</u>, 540 U.S. at 751.  In explaining its holding, the Court noted that, "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the

conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of

habeas corpus." Id. at 489.

Recently, the Supreme Court explained that,

> a state prisoner's § 1983 action is barred (absent prior invalidation)
> - no matter the relief sought (damages or equitable relief), no
> matter the target of the prisoner's suit (state conduct leading to
> conviction or internal prison proceedings) - *if* success in that action
> would necessarily demonstrate the invalidity of the confinement or
> its duration.

Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Moreover, the Third Circuit recently held that, where a favorable judgment on a § 1983

claim would necessarily imply the invalidity of the plaintiff's incarceration or conviction, and

that conviction or incarceration has not been rendered invalid, "a § 1983 remedy is not available

to a litigant to whom habeas relief is no longer available." Williams v. Consovoy, 453 F.3d 173,

177 (3d Cir. 2006).

In the present case, a favorable judgment on Plaintiff's claim that the prosecutors and

police conspired to present false witnesses identifying Plaintiff as the perpetrator of the robbery

would necessarily imply the invalidity of Plaintiff's robbery conviction. Plaintiff's allegations in

the instant Complaint do not indicate that his conviction has been overturned or invalidated in the

state courts, or called into question by the issuance of a writ of habeas corpus. Thus, his § 1983

claim that necessarily implies the invalidity of that conviction is not cognizable under § 1983 at

this time. Accordingly, Plaintiff's claim will be dismissed without prejudice.

## IV.  CONCLUSION

For the reasons stated above, the Court directs that this matter be reopened, grants Plaintiff's application to proceed *in forma pauperis*, and dismisses the Complaint without prejudice.  This matter is closed.

/s/ Joel A. Pisano

JOEL A. PISANO, U.S.D.J.

Dated:   July 3, 2007